IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DAY, #K03734, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00945-NJR ) |
| ROB JEFFREYS, DANIEL Q. SULLIVAN, JESSICA D. STOVER, and SARAH BROWN-FOILES, | ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Charles Day, who is civilly committed at Big Muddy Correctional Center ("Big Muddy") as a "sexually dangerous person" (SDP), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, as well as denial of accommodations in violation of the requirements of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. He seeks declaratory judgment and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. As a civilly committed SDP under the Illinois Sexually Dangerous Persons Act ("SDPA") (725 ILCS 205/1.01), Day is subject to the Prison Litigation Reform Act (28 U.S.C. § 1915 *et. seq*). *See Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004). Under Section 1915A, the Court is required to screen the Complaint to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C.

1

§ 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Day filed this action against Defendants in their official capacities only. He asserts claims against Rob Jeffreys as the Director of the Illinois Department of Corrections ("IDOC") and Day's legal guardian, Daniel Sullivan as the Chief Administrative Officer of Big Muddy, Jessica Stover as the SDP Program lead therapist and Day's primary therapist, and Sarah Brown-Foiles as the IDOC Coordinator of Sex Offender Programs. Day alleges that Defendants, in their official capacities, have put in place policies and practices which are inadequate for the treatment of Day, as a civilly committed SDP.

The Complaint alleges the following: Day has been a civilly committed SDP for nearly 17 years under the SDPA and is housed within Big Muddy, an IDOC facility. Day is currently diagnosed with paraphilic disorder, personality disorder, alcohol dependence, and poly-substance abuse. He was "historically" diagnosed with learning, speech, and comprehension disabilities.

Day's literacy and learning disabilities have not been addressed by staff, and he has never been offered individualized treatment to assist him to effectively learn treatment concepts. Staff have not made any attempt to address his mental health issues. The entire SDP program is deficient and is not calculated to actually treat any of its participants, but is instead simply a prison term by another name – there is no established curriculum, progress is judged solely by the subjective judgment of staff, and staff persist with ineffective treatment to the extent of failing to use any professional judgment. The SDP treatment program is underfunded, understaffed, inadequate, and punitive.

Day and other SDPs are forced to live alongside convicted prisoners. They are treated and

held to a regimen that is identical to the prisoners. The punitive environment does not comply with the SDPA's stated purpose or its objective of care and treatment.

Stover retaliates against participants who use the grievance process in their semi-annual evaluations. Baldwin, as Day's legal guardian, has failed to fulfill his duties in that role.

Based on the allegations in the Complaint, the Court divides this action into the following claims:

> **Count 1:** **Defendants violated Day's rights under the Fourteenth Amendment to receive treatment as a civilly committed SDP.**
>
> **Count 2:** **Defendants violated Day's rights under the Fourteenth Amendment to receive treatment for his mental illnesses and disorders that led to his civil commitment.**
>
> **Count 3:** **Defendants Sullivan, Brown-Foiles, and Jeffreys violated Day's rights under the Fourteenth Amendment by failing to adequately train or supervise their employees regarding the proper care and treatment of a SDP with mental illnesses or disorders.**
>
> **Count 4:** **Defendants violated Day's rights under the Fourteenth Amendment by subjecting him to a punitive environment.**
>
> **Count 5:** **ADA and RA claims for failure to accommodate Day's learning and intellectual disabilities and for denying adequate program funding, reasonable housing, and access to programs.**
>
> **Count 6:** **Defendant Stover violated Day's rights under the First Amendment by retaliating against Day for his use of the grievance system.**
>
> **Count 7:** **State law claim for breach of fiduciary duty against Jeffreys.**
>
> **Count 8:** **The Illinois Sexually Dangerous Persons Act is unconstitutional as applied to Day.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other claim that is mentioned in the Complaint but not addressed**

**in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

### Discussion

*Count 1*

As a civilly committed person under the SDPA, the duration of Day's commitment depends on his successful completion of treatment. As the Seventh Circuit explained in *Allison v. Snyder*, "[p]ersons charged with sex offenses in Illinois may be diverted before trial to civil confinement, if a mental illness of at least one year's duration led to the criminal conduct. Those who complete treatment successfully are released and the criminal charges dismissed." 332 F.3d 1076, 1078 (7th Cir. 2003). In other words, without treatment, there is no prospect of release.

Inmates serving sentences for criminal convictions are protected by the Eighth Amendment, but the constitutional protections for civil detainees arise out of the Due Process Clause of the Fourteenth Amendment. *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008). The Supreme Court has not clearly defined the elements of a constitutionally adequate civil detainee treatment program. However, "[a]t the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). The Seventh Circuit has recognized that the Fourteenth Amendment requires "that civil detainees receive treatment for the disorders that led to their confinement and be released when they've improved enough no longer to be dangerous." *Hughes v. Dimas*, 837 F.3d 807, 808 (7th Cir. 2016). At a minimum, "civil detainees ... are entitled to non-punitive programs designed using the exercise of professional judgment." *Allison*, 332 F.3d

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

at 1080 (internal quotes omitted).

Day alleges that the SDP treatment program is ineffective, underfunded, and not designed using professional judgement. He claims that he has been denied the most basic forms of treatment. As a result, his commitment has been unnecessarily prolonged. In *Seling v. Young*, 531 U.S. 250, 265 (2001), the Supreme Court recognized that "due process requires that the conditions and duration of confinement . . . bear some reasonable relation to the purpose for which persons are committed." *Id.*; *see also Allison*, 332 F.3d at 1079. Day claims a constitutional right to treatment as a SDP, which has been violated. There are questions about which Defendants (each named solely in their official capacity) would be responsible for implementing the injunctive relief requested and is the appropriate party for this claim. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). At this stage, the claim will be allowed to proceed against all Defendants.

*Count 2*

Persons who are civilly committed under the SDPA are considered pretrial detainees. *See Allison*, 332 F.3d at 1078-79. Medical care claims brought by pretrial detainees are subject only to the objective unreasonableness inquiry identified in *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S.Ct. 2466 (2015). *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019). "[T]he controlling inquiry for assessing a due process challenge to a pretrial detainee's medical care proceeds in two steps." *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)). In the first step, the inquiry is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Id.* At the second step, the inquiry is whether

5

the challenged conduct was objectively reasonable. *Id.* "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*

Day claims that he has been denied treatment for the mental illnesses and disorders that led to his civil commitment. The SDP treatment program is allegedly not designed to address the many mental health and substance abuse issues that Day faces. Because he has been denied access to adequate treatment, the symptoms of his mental illness are exacerbated. The allegations in the Complaint are sufficient for this claim to proceed against all Defendants.

*Count 3*

Day alleges there has been a failure to adequately train and supervise the employees of the SDP treatment program regarding the proper care and treatment of SDPs with mental illnesses or disorders. The doctrine of *respondeat superior* is not applicable to section 1983 actions and, therefore, Defendants cannot be held liable for the conduct of a subordinate. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To be liable for the conduct of subordinates, a supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye to it. *See Lanigan v. Village of East Hazel Cres, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997). The allegations in the Complaint are sufficient for this claim to proceed against Sullivan, Brown-Foiles, and Jeffreys.

*Count 4*

As a general rule, confinement of pretrial detainees may not be punitive because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably

6

related to a legitimate governmental objective." *Id*. at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717-18 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). The Complaint suggests that the conditions fall short of this standard because they do not reasonably relate to or serve a legitimate governmental purpose. This claim will proceed against all Defendants.

*Count 5*

The Complaint also states a viable claim under the ADA and RA. The ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The RA also prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. Discrimination under both statutes includes the failure to accommodate a disability. The analysis under the ADA and RA is the same in this lawsuit, except that the RA includes as an additional element the receipt of federal funds, which all states accept for their prisons. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).

Day alleges he is not receiving the benefit of treatment due to his learning disabilities He also alleges he is subject to discrimination because of his mental illnesses and has been deprived of access to treatment, programs, and proper housing at Big Muddy. The allegations in the Complaint are sufficient to proceed on the ADA/RA claim.

This claim, however, need not proceed against every Defendant. The proper defendant in an ADA/RA claim is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, this claim will proceed against Jeffreys

7

as the IDOC Director. The claim will be dismissed as to Stover, Sullivan, and Brown-Foiles.

*Count 6*

Day asserts that Stover has retaliated against him and other SDPs who file grievances in their evaluations. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The question is generally whether a plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). Here, Day has stated that a program participant's progress (and thus the possibility of release) is based on the staff's evaluations, so a negative report on an evaluation would likely deter a participant from using that process. Further, Day has adequately pled that punishment of those using the grievance system on their evaluations is a "policy or practice" sufficient to support an official capacity claim. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690, n. 55 (1978). As such, Count 6 will proceed as to Stover.

*Count 7*

Day contends that Jeffreys, as IDOC Director and therefore Day's legal guardian, has breached his fiduciary duty toward Day. The Illinois SDP statute provides that "[t]he Director of Corrections as guardian shall provide care and treatment for the person committed to him designed to effect recovery." 725 ILCS 205/8. A fiduciary relationship exists between a guardian and a ward as a matter of law. *In re Estate of Swiecicki*, 477 N.E.2d 488, 490 (1985). It is unclear whether a breach of fiduciary duty in this statutory context is cognizable under Illinois law, but at this point the Court cannot say that the Complaint fails to state a claim. As such, Count 7 will proceed against Jeffreys.

*Count 8*

Day claims the SDPA is unconstitutional as applied to him based on the same facts that support his other claims. At this early stage, he will be allowed to proceed with this claim against all Defendants.

**Request for Injunctive Relief**

In the Complaint, Day seeks a preliminary injunction directing Jeffreys and Brown-Foiles to remove Day from the care of Stover. If Day wishes to pursue this request, he must file a separate motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 on or before **January 9, 2020**, setting forth the reasons he is entitled to such relief. Failure to file the motion by that date will result in denial of the request without prejudice.

**Motion for Recruitment of Counsel**

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). Day discloses no efforts to locate counsel on his own and, therefore, his motion for recruitment of counsel (Doc. 2) is denied. Day may renew his request for counsel at any time during the pending action, after first attempting to locate counsel on his own. If Day does renew his request, he should give the Court rejection letters from at least three attorneys to prove that he has made reasonable efforts to obtain counsel on his own.

## Motion for Service at Government Expense

The Court recognizes that because Day is incarcerated, he may have difficulty effectuating service within the 90-day time limit imposed by Federal Rule of Civil Procedure 4(m). The Court will, therefore, grant this motion and direct the Clerk of Court to proceed with service.

## Disposition

**IT IS HEREBY ORDERED** that Counts 1, 2, 4, and 8 will proceed against Stover, Sullivan, Brown-Foiles, and Jeffreys. Count 3 will proceed against Sullivan, Brown-Foiles, and Jeffreys. Counts 5 and 7 will proceed against Jeffreys. Count 6 will proceed against Stover.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Stover, Sullivan, Brown-Foiles, and Jeffreys: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Defendants shall timely file an appropriate responsive

pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **DENIED**, and the Motion for Service at Government Expense (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 9, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**