IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-945- RJD |
| ) | |
| ROB JEFFREYS, DANIEL Q. SULLIVAN, ) | |
| JESSICA D. STOVER, and SARAH ) | |
| BROWN-FOILES, ) | |
| ) | |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 22) and Memorandum in Support of Motion for Summary Judgment (Doc. 23). Plaintiff responded (Doc. 27). For the reasons stated below, Defendants' Motion is GRANTED.

**Background**

Plaintiff Charles Day is civilly committed as a "sexually dangerous person" at Big Muddy River Correctional Center ("BMRCC"). He filed this lawsuit pursuant to 42 U.S.C. §1983, alleging that BMRCC staff members were violating his rights under the U.S. Constitution, Americans with Disabilities Act, and Rehabilitation Act. The Court conducted a threshold review of Plaintiff's Complaint pursuant to 28 U.S.C. §1915A. Plaintiff's suit proceeds on the following claims.

> Count One:   Defendants violated Plaintiff's rights under the Fourteenth Amendment to receive treatment as a civilly committed SDP
>
> Count 2:   Defendants violated Plaintiff's rights under the Fourteenth Amendment to receive treatment for his mental illnesses and disorders that led to his civil commitment.

Page **1** of **7**

    Count 3:    Defendants Sullivan, Brown-Foiles, and Jeffreys violated Plaintiff's rights under the Fourteenth Amendment by failing to adequately train or supervise their employees regarding the proper care and treatment of SDP with mental illnesses or disorders.

    Count 4:    Defendants violated Plaintiff's rights under the Fourteenth Amendment by subjecting him to a punitive environment.

    Count 5:    ADA and RA claims against Jeffreys.

    Count 6:    Defendant Stover violated Plaintiff's First Amendment rights by retaliating against him for using the grievance system.

    Count 7:    State law claim for breach of fiduciary duty against Jeffreys.

    Count 8:    Claim against all Defendants that the Illinois Sexually Dangerous Persons Act is unconstitutional as applied to Plaintiff.

Defendants filed a motion for summary judgment asserting Plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit. The Court reviews the following grievance contained in the record:

> **December 1, 2017:** Plaintiff filed a two-page grievance in which he set forth complaints regarding the recreational activities available to Sexually Dangerous Persons ("SDP") at BMRCC. He asked that the art program, previously available to SDP, be reinstated so that SDP could participate. In the grievance, he identified "Dr. Holt and Jessica" as the persons responsible for taking the SDP recreation opportunities. Plaintiff received a response from his counselor, the grievance officer, and the Chief Administrative Officer. The grievance was denied and Plaintiff was informed that the "SDP staff, led by Dr. Holt, has full authority to determine treatment protocols within the department." There is no record that Plaintiff ever submitted this grievance to the Administrative Review Board.

Defendants assert that summary judgment should be granted in their favor because this grievance was never submitted to the Administrative Review Board. Even if it had, Defendants argue that it does not identify all the issues involved in this lawsuit, and the only Defendant identified in the grievance is Jessica Stover.

Plaintiff contends the response he received to this grievance ("SDP staff…has full authority

to determine treatment protocols") was "baffling" and shows that administrative remedies are not available to him or other SDP at BMRCC. Plaintiff further asserts that Defendants failed to produce all his grievances from the last 18 years, which represents the time that Plaintiff has spent in the SDP program. Plaintiff claims that he has submitted grievances regarding the SDP program for which he received no response. He also claims that he has been retaliated against by staff members for utilizing the grievance process.

## *Pavey* Hearing

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on July 28, 2020. Plaintiff testified that in the two years prior to filing his Complaint on August 29, 2019, he placed 15-20 grievances in his counselor's mailbox related to the issues in this lawsuit. Plaintiff further testified that since 2003, he has submitted to his counselor over 75 grievances related to the issues in this lawsuit, e.g., asking to switch treatment groups, dangerous cellmates. He only received responses to one or two grievances.

Plaintiff testified that he is aware of the steps in the administrative remedy process. First, he places the grievance in his counselor's mailbox. After he receives a response from the counselor, he can submit it for further review to the grievance officer. If he is not satisfied by the grievance officer's response, he can submit it to the ARB. Although Plaintiff generally remembers a grievance regarding the art program, he did not specifically remember the December 1, 2017 grievance and could not explain why he did not appeal it to the ARB.

No one ever prevented Plaintiff from submitting grievances. However, staff had told him that he should be "careful" when he filed grievances because doing so could "harm" him later. Plaintiff also feels that the grievance process at BMRCC is a "constant runaround." He testified that he is always directed to the same staff members who are the subjects of his grievance.

## **Legal Standards**

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v.*

*Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). The exhaustion requirement applies to persons who are civilly committed under the Illinois Sexually Dangerous Persons Act. *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830€ The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and €

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances

directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Plaintiff first argues that because he is civilly committed under the Sexually Dangerous Persons Act, he was not required to exhaust his administrative remedies prior to filing suit. However, under Seventh Circuit precedent, persons who are civilly committed to the SDP program are subject to the exhaustion requirements of the PRLA. *Kalinowski*, 358 F.3d at 979. Having established Plaintiff was required to exhaust his administrative remedies, the Court finds Plaintiff failed to do so prior to filing this lawsuit.

Plaintiff testified that he knew the process for administrative remedy exhaustion. He received a response from the BMRCC grievance officer and chief administrative officer to his December 1, 2017 grievance. According to Plaintiff's testimony, receiving a response to a grievance from BMRCC administration is an anomaly. Plaintiff claims that since 2003, he has submitted approximately 75 grievances at BMRCC, and only received a response to one or two. Despite the unusualness (according to Plaintiff) of actually receiving a response, Plaintiff has no specific recollection of the December 1, 2017 grievance and cannot explain why he did not appeal BMRCC's response to the ARB.

The Court is not persuaded by Plaintiff's argument that the grievance process at BMRCC is a "constant runaround." Plaintiff's testimony is contradictory. It seems unlikely to the Court that Plaintiff continued to submit grievances-year after year since 2003-if he seldom received a response to those grievances. Plaintiff claims that he felt threatened that his grievances would come back to "haunt" him, but he also testified that he submitted 15-20 grievances from 2017-

2019 alone. Plaintiff's testimony lacks credibility.

Moreover, Plaintiff could have fully exhausted the December 1, 2017 grievance. At the *Pavey* hearing, he had no explanation for why he did not appeal it to the ARB after receiving the chief administrative officer's decision. In his written Response to Defendants' Motion for Summary Judgment, Plaintiff pointed to a statement in the grievance officer's recommendation for the December 1, 2017 grievance: "SDP treatment staff…has full authority to determine treatment protocols within the department." Plaintiff claims that he interpreted this statement to mean that there was no administrative remedy available to him on this issue. The Court finds that nothing about the grievance officer's report kept Plaintiff from appealing the decision to the ARB. Even if Plaintiff felt that the ARB would likely agree with the grievance officer's response, he was not excused from the full exhaustion process.  Because Plaintiff failed to fully exhaust this grievance, it is unnecessary for the Court to address whether the grievance covered all issues and/or defendants in this lawsuit.

## Conclusion

For the above reasons, Defendants' Motion for Summary Judgment (Doc. 22) is **GRANTED.**

**IT IS SO ORDERED.**

**DATED: September 2, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**